**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0837-20

ROBERT A. BUGAI,

    Plaintiff-Appellant,

v.

BARRY FREDSON, ESQ.,
FREDSON & STATMORE,
LLC, and FREDSON
STATMORE BITTERMAN,
LLC,

    Defendants-Respondents.

_____

Submitted December 6, 2021 – Decided December 15, 2021

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3028-20.

Thomas L. Ferro, attorney for appellant.

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondents (Howard B. Mankoff and Walter F. Kawalec, III, on the brief).

PER CURIAM

In this legal malpractice case, plaintiff appeals from an October 16, 2020 order granting defendants' "motion to dismiss the complaint in lieu of [filing an] answer." Judge Mary F. Thurber, who treated the motion as one seeking summary judgment, conducted oral argument, entered the order, and rendered an oral opinion. The judge concluded that well before the statute of limitations expired, defendants (who plaintiff approached to represent him in a negligence action) declined to represent plaintiff. We affirm and add the following brief remarks.

We review an order granting summary judgment de novo. Gilbert v. Stewart, 247 N.J. 421, 442 (2021). "In legal malpractice cases, as in other cases, summary disposition is appropriate only when there is no genuine dispute of material fact." Ziegelheim v. Apollo, 128 N.J. 250, 261 (1992). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The facts are undisputed.

Plaintiff consulted defendants about representing him in a negligence action, specifically about whether to file a lawsuit seeking damages for injuries

sustained in a November 21, 2014 automobile accident. The parties emailed regarding plaintiff's injuries and potential cause of action. On August 2, 2016, defendant Barry Fredson sent plaintiff a letter stating:

> I have been working on your case and have a list of doctors that you have treated with. However, I do not have any statement, from any doctor, indicating that your medical problems are related to the accident.
>
> Please advise if there is such a doctor with his name and address.
>
> Unless I can relate some of your injuries to the accident, there is no basis on which to bring your claim.
>
> My last records indicate that you would have surgery with Dr. Ingram. Did that happened? Please give me the doctor's full name and address so that I can get his records in addition to your response.
>
> Please attend to this immediately as we must make a decision within the next [forty-five] days as to whether your case can proceed.

On September 8, 2016, Fredson sent plaintiff a follow-up letter which read:

> Attached is a copy of the letter that was sent to you weeks ago. I have not heard from you.
>
> At this point, I am taking no further action on your claim.
>
> You have two (2) years from the date of accident within which to file suit or your claim is forever barred.

A-0837-20

> I spent significant money and put many hours into your case. However, I am not permitted to bring your claim for which I have no proof and unfortunately your case falls into that category.

A paralegal from Fredson's law office certified that she prepared and mailed the September 8 letter by regular and certified mail. The certified copy of the letter was returned to the law office's address as unclaimed on or around October 3, 2016. The letter sent by regular mail was never returned.

Without any further action, the statute of limitations on plaintiff's potential claim expired on November 21, 2016. Plaintiff filed a legal malpractice suit against defendants on May 22, 2020, alleging that defendants' failure to file a complaint prior to the expiration of the statute of limitations constituted professional negligence and breach of contract. That led to the order under review.

At the motion hearing, the judge converted the motion to dismiss to a motion for summary judgment because it referred to documents outside the pleadings. See R. 4:6-2. The judge found that the proofs entitled defendants to the presumption that the letter sent by regular mail was received, concluded defendants were entitled to summary judgment, and dismissed the case with prejudice.

A-0837-20

On appeal, plaintiff argues the judge entered summary judgment prematurely and that defendants failed to effectively notify him they declined to represent plaintiff. Instead of mailing him a declination letter by certified mail and regular mail, plaintiff contends defendants should have made additional efforts to inform him that they would not take the case, such as by text, email, or phone. According to plaintiff, defendants committed negligence by not filing a timely personal injury complaint seeking damages for injuries plaintiff argues he sustained in the accident.

To prove a cause of action for legal malpractice, plaintiff must demonstrate "1) the existence of an attorney-client relationship creating a duty of care upon the attorney; 2) that the attorney breached the duty owed; 3) that the breach was the proximate cause of any damages sustained; and 4) that actual damages were incurred." Cortez v. Gindhart, 435 N.J. Super. 589, 598 (App. Div. 2014) (quoting Sommers v. McKinney, 287 N.J. Super. 1, 9-10 (App. Div. 1996)).

Here, even if there had been an attorney-client relationship, Fredson terminated it well before the expiration of the statute of limitations by notifying plaintiff by regular and certified mail. "New Jersey cases have recognized a presumption that mail properly addressed, stamped, and posted was received by

A-0837-20

the party to whom it was addressed." SSI Med. Servs., Inc. v. Dep't of Human Servs., 146 N.J. 614, 621 (1996). To invoke the presumption, the party must show: "(1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office." Ibid. The presumption is based on "the probability that officers and employees of the postal department will do their duty, and by the regularity and certainty with which, according to common experience, the mail is delivered." Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962). The "presumption is rebuttable and may be overcome by evidence that the notice was never in fact received." Ibid.

As the judge concluded, defendants are entitled to the mailing presumption terminating the attorney-client relationship. Defendants' paralegal sent the letter, addressed to plaintiff's address, via certified and regular mail on September 8, 2016. The certified letter was received by the post office on September 9, 2016. The record reflects that the certified letter was returned as "unclaimed," but the letter sent regular mail was not returned. Plaintiff's certification denying receiving the letter is not sufficient to rebut the presumption or create a genuine issue of material fact. As the judge noted, "if

6

the motion could be defeated simply by . . . plaintiff saying I didn't get the letter, then the presumption has no meaning."

To the extent we have not addressed any remaining contentions, we conclude that they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0837-20